## Matthews v. General Steel Castings Corp. No. 1

*John V. Diggins*, for claimant.

*Malcolm B. Petrikin*, for defendant.

SWENEY, J., January 6, 1944.—This is a workmen's compensation case. Defendant appeals from the deci-

sion of the board affirming an award by the referee for total disability.

On June 3, 1942, claimant was employed by defendant as a maintenance machinist. At about 9:30 in the morning, claimant and two fellow-workmen, Shores and Conroy, were engaged in rigging up a jib crane on a column. While thus employed, claimant picked up a pear-shaped metal object. It is by no means clear from claimant's own testimony just where he found it. The object was about 1½ inches to 2 inches long, about one inch in diameter across the top and ¼ inch to ½ inch in width at the bottom, and had slits in the sides. There was some conversation between claimant and Conroy as to what the object was. Finally, claimant put it in the left pocket of his overalls. Here, it rested against the front part of his left leg, between the knee and the hip.

Claimant did not state directly why he put the object in his pocket, although he did testify that he told Conroy he would "keep it for a plumb bob".

According to his testimony, claimant forgot that he had the object in his pocket. At the end of the day, he removed his overalls and hung them in his locker, leaving the object still in the pocket. On the following day, he again dressed in the overalls. An hour or two later, one of his coemployes stated that he thought the metal object contained radium. Claimant then reported to the main office of defendant and delivered the object, which was identified as a radium capsule used to take x-ray pictures of iron castings.

Some days later, a red spot appeared on claimant's left leg at the point where the radium capsule had rested against the leg as it lay in the overalls pocket. The spot developed into a serious radium burn. It finally became necessary to perform a skin-graft operation. The affected skin of the left leg was replaced by skin taken from claimant's abdomen. There can be no doubt that claimant was totally disabled for a considerable

period of time, and that the disability was the direct consequence of the exposure to the radium.

The vital question in the case is whether the exposure to the radium constituted an "accident" within the meaning of section 301 of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 4, 1937, P. L. 1552, as amended, 77 PS §431. It must never be forgotten that that section provides for ". . . compensation for personal injury to, or for the death of, any employe, by an accident, in the course of his employment . . ."

In the determination of the question whether the exposure to the radium constituted an "accident", it seems to us the all-important consideration is claimant's knowledge, or lack of knowledge, that the object contained radium. If he did not know that the object which he placed in his pocket was a radium capsule, then we think his subsequent exposure to the radium rays was an accident. Neither the referee nor the board made any formal finding of fact on this question. In a brief discussion preceding his formal findings of fact, the learned referee did state that claimant "found a radium capsule and put it in his left front pocket of his overalls adjacent to his left leg, not knowing what it was . . ." The board, too, stated in the course of its opinion:

"We believe that the occurrence of picking up the radium capsule, not knowing at the time of its dangerous propensities, and carrying it for several hours so close to one's person that a severe burn resulted constituted an accident within the meaning of The Workmen's Compensation Act."

Nevertheless, the compensation authorities made no distinct finding of fact on the material point of claimant's knowledge of the nature of the object when he placed it in his pocket. In the absence of distinct findings of fact on material points, the record must be remitted by this court: Garrahan v. Glen Alden Coal Co.,

135 Pa. Superior Ct. 307, 312. The compensation authorities are the fact-finding bodies. We have no power to find facts.

Our review of the evidence indicates that the exposure to radium occurred on both the third and fourth days of June 1942. The referee's finding of fact no. 3 seems to be that claimant was exposed to the radium rays for a period of at least nine hours on June 3, 1942. We point this out, not in a captious spirit, but merely in case the point should become material at a later stage in the proceedings.

We have no means of knowing, of course, what the compensation authorities may find to be the fact on the question of claimant's knowledge as to the nature of the radium capsule. If there is a finding that claimant had no knowledge as to the nature of the capsule until he was informed, on the morning of June 4, 1942, by a fellow-employe that it contained radium, it would follow necessarily that there had been an accident in contemplation of the statute. But, if it is found as a fact that claimant knew that the object contained radium at some point of time during the exposure and continued to expose himself, then the question arises as to whether the injury was caused by an accidental exposure or by a voluntary exposure; it also becomes important, in such event, to determine whether the medical testimony is sufficient in extent to base a finding of fact that there was an accident.

Inasmuch as the record must be remitted, we think that the findings of fact should include a specific finding as to claimant's purpose in putting the radium capsule in his pocket. Such a finding bears upon the question as to whether the putting of the capsule in his pocket was "in the course of his employment". If the capsule were placed in his pocket for the purpose of "using it as a plumb bob", it might well be found to be in the course of his employment; if, however, the capsule were placed in his pocket for some other reason, a different finding might be in order.